Samuel S. Chisholm et al. v. The Beaman Machine Company.

Samuel S. Chisholm et al. v. Oswald Kutsche.

1. BURDEN OF PROOF—*Acceptance.*—The burden of showing a valid defense to an acceptance given on account of labor and materials is upon the defendant.

2. ERRORS IN COMPUTATION—*Corrected in the Appellate Court.*— Errors in computation committed in the court below may be corrected in the Appellate Court by directing a remittitur entered for the excess of the correct amount.

**Memorandum.**—Appeals from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1894. One affirmed, and one affirmed on condition of a remittitur being entered. Opinion filed January 28, 1895.

JESSE COX, attorney for appellants.

FARSON & GREENFIELD and D. J. SCHUYLER, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In substance these two cases are the same, and were tried together by the court without a jury, and are here submitted on one record.

The first is for labor and materials by the appellee furnished in constructing some brick-molding machines for the appellants, and the second is upon an acceptance given by the appellants on account of such labor and materials, as the appellee claimed, but as the appellants claimed, as an accommodation in advance of the furnishing of so much labor and materials. The burden of showing a valid defense to the acceptance was upon the appellants, and as in the other case it is found that the appellants are indebted beyond the amount of the acceptance, the judgment in the second case is affirmed without discussion.

In the first case the court found for the appellee the

sum of $1,974.72, but in so doing made the mistake of allowing on an item admitted by the appellants $53.84 more than was admitted, which was simply an inadvertence, and also, as we hold, committed an error in allowing $353.50 without sufficient proof.

The whole controversy is upon the amount of labor furnished by the appellee under a proposition it made to the appellants as follows:

" Chicago, May 1, 1890.

Messrs. Chisholm, Boyd & White,

Adams Express Bldg., sixth floor, City.

Gentlemen : We agree to furnish you material and labor for five four-mold brick machines as follows, viz.:

Machinists, fifty cents per hour.

Helpers, twenty-five cents per hour.

Pattern-makers, fifty cents per hour.

Blacksmiths, eighty cents per hour.

Castings, two and three-fourths cents per pound (without labor).

Brasses.

Iron forging, three and one-fourth cents per pound (without labor).

Hammered steel shafting, four and one-fourth to four and one-half cents per pound.

Rolled steel shafting, three to three and one-fourth cents per pound.

Very truly yours,

Beaman Machine Company,

J. M. Johnson, Secretary."

It fairly appears in this record that the mode, in machine shops, usually followed in keeping an account of labor, is that each workman is provided each day with a printed slip upon which he enters the hours he worked upon any one job, which slip is afterward examined by a foreman or superintendent, and if found to be correct he approves it. As to $353.50 of the labor charged, such approval did not appear. So much, therefore, was not proved, if the following of the usual mode is proof, and the judge seems to have

allowed it in the way of compromise in rejecting some other items.

The appellants insist that such mode followed, is not proof against them. But they are presumed to have contracted with reference to usual methods of the business. Oldershaw v. Knoles, 4 Ill. App. 63.

And it appears that while the work was going on the book-keeper of the appellants, by their direction, examined—how many does not appear—slips for the purposes of ascertaining whether labor was correctly charged.

The appellants urge that the machines cost them too much—more than another shop, probably with better facilities than the appellee possessed, made such machines for.

Our observation is that in all kinds of business, one succeeds where many fail. By a larger output with less expenditure a manufacturer grows rich and drives his competitors to the wall.

If the appellee acted in good faith, the appellants took the risk of its efficiency.

Deducting the items which we think were wrongly allowed. the finding should have been $1,566.38, and if the appellee remits the excess we will affirm for that sum, if not, reverse and remand. In either event, the costs of this court would be paid by the appellee in ordinary cases, but as here are two cases on one record, the appellants will recover only the excess of their costs over those of the appellees.