# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1895.

### Edward T. Noonan v. Spoor Mackey & Co.

1. EVIDENCE—*Business Methods—Book Entries.*—A person must adopt such methods in his business as will enable him to prove his just demands by the rule under which book entries, in the course of business, are evidence.

Assumpsit, for work, labor and services. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

VICTOR ELTING and EDWARD T. NOONAN, attorneys for appellant; JAMES S. HARLAN, of counsel.

LAWRENCE P. CONOVER, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant engaged the appellee to do work and furnish materials in repairing and decorating a dwelling house. The proof of the amount of work and materials is the testimony of a witness that he was the foreman of the men who worked on the job, and went in the mornings and afternoons —perhaps not every day—to see in the morning if the men were at work, and in the afternoon to see what they had

(232)

done, and then made up the account of their work from time sheets furnished by the men themselves on the mornings of the days when they were paid—how often that was done does not appear—and from a memorandum which he made of materials sent by an expressman, and which he saw, but did not check off, at the house, of which, if any had not been delivered there, he would have known from the men. Now, whatever may be said of the sufficiency of this testimony as to the materials, it is not sufficient as to the work; the charge for which is a little over four hundred dollars.

There was testimony from the appellant, that the men did not work diligently and for that reason he stopped them, and that the cost of all necessary work and materials for the whole job should be much less that the demand of the appellee.

The knowledge of the witness of the amount of work was not such as made his testimony proof of it.  Curran v. Pullman P. C. Co., 27 Ill. App. 572.

The source of his knowledge being the time sheets, the time sheets would have been—if accompanied by proof that the men worked on the job—just as good as his testimony.

If it be said that such testimony was the best evidence the appellee could offer, then the remarks of the Supreme Court in Oldenshaw v. Knowles, 101 Ill. 117, are, by parallel, applicable.  The appellee must adopt such methods in its business as will enable it to prove its just demands.

The method here adopted falls far short of that sanctioned —when aided by evidence tending to show acquiescence by the other party—in Chisholm v. Beaman Mch. Co., 57 Ill. App. 344.  It does not come within the reason of the rule upon which entries in the course of business are evidence. See 1 Taylor's Evidence, 612.

The motion to exclude this testimony as to the amount of the work should have been sustained, and not having been sustained, a new trial should have been granted on the motion of the appellant.

The judgment is reversed and the cause remanded.